IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLAND HAMPTON,

        Plaintiff,                              No. 03:14-cv-00924-HZ

    v.

CAROLYN W. COLVIN,                        OPINION & ORDER
Acting Commissioner of Social Security,

        Defendant.

Robyn M. Rebers
ROBYN M. REBERS, LLC
P.O. Box 3530
Wilsonville, Oregon 97070

    Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Ronald K. Silver
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

Sarah L. Martin
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Roland Hampton brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income (SSI).  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)).  I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

    Plaintiff applied for SSI on July 29, 2010, alleging an onset date of January 1, 1997.  Tr. 233, 236-39.  His application was denied initially and on reconsideration.  Tr. 157-66, 167-78.

    On January 28, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ).  Tr. 52-91.  On February 6, 2013, the ALJ found Plaintiff not disabled.  Tr. 9-27.  The Appeals Council denied review.  Tr. 1-5.

## FACTUAL BACKGROUND

    Plaintiff alleges disability based on having ankylosing spondylitis, arthritis, chest pain, neuropathy, fatigue, depression, fibromyalgia, esophageal problems, and pain in his hips, low back, shoulders, hands, legs, eyes, and neck.  Tr. 254, 268. At the time of the hearing, Plaintiff was thirty-nine years old.  Tr. 22.  He completed the twelfth grade.  Tr. 115.  He has no past relevant work.  Tr. 22.  Because the parties are familiar with the medical and other evidence of

record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

3 - OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his July 29, 2010 application date. Tr. 19. The ALJ noted that although Plaintiff alleged an onset date of January 1, 1997, his prior SSI application had been denied and was res judicata for the period adjudicated in that determination concluding with the April 9, 2010 ALJ decision. Tr. 12. Next, at step two, the ALJ determined that Plaintiff has severe impairments of ankylosing spondylitis, obesity, fibromyalgia, lumbar spine degenerative disc disease, chronic pain syndrome/myofascial pain syndrome, major depressive disorder/dysthymia, and learning disorder NOS. Tr. 14. At step three, the ALJ found that Plaintiff's impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 15-17.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work as defined in the regulations. Tr. 17. He also found that Plaintiff

> can lift and carry up to 20 pounds occasionally and 10 pounds frequently; he must

be allowed to sit or stand at 30 to 45 minute intervals for 2 to 5 minutes, during which time he may remain on task; he may occasionally climb ramps and stairs; he may occasionally bend, balance, stoop, kneel, crouch and crawl; he should never climb ladders, ropes or scaffolds; he may occasionally engage in pushing, pulling and repetitive foot pedal operations with the bilateral lower extremities; he may have occasional exposure to extreme cold, heat, vibration and hazards such as moving machinery and unsecured heights; he is fully capable of learning, remembering and performing simple, routine and repetitive work tasks involving simple work instructions; and he may have occasional contact with the public.

Id.

Because the ALJ found that Plaintiff has no past relevant work, the ALJ did not make a step four finding in regard to such work. Tr. 22. However, with this RFC, the ALJ determined at step five that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as small products/bench assembler, office helper/assistant, final assembler/optical goods, and addressor or clerk. Id. Thus, the ALJ determined that Plaintiff is not disabled. Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149,

1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

DISCUSSION

Although Plaintiff has an extensive medical history and several severe impairments, Plaintiff challenges only a limited portion of the ALJ's decision. Specifically, Plaintiff's alleged errors concern the ALJ's treatment of the report of examining psychologist Dr. Keli Dean, PsyD. This in turn affects the ALJ's RFC which then affects the validity of the vocational expert testimony regarding jobs that Plaintiff can perform. Additionally, Plaintiff points to a subsequent report by Dr. Dean, submitted after the ALJ's decision but considered by the Appeals Council, to contend that substantial evidence does not support the ALJ's decision.

I.  ALJ's Treatment of Dr. Dean's August 2012 Evaluation

Dr. Dean first examined Plaintiff in August 2012, producing a twelve-page narrative report and a two-page Mental Residual Functional Capacity (MRFC) assessment. Tr. 615-26; 627-28. During this cognitive and psychological evaluation, she administered several tests. Tr. 615-26. Her diagnostic impressions were that Plaintiff suffered from Major Depression, Recurrent, Moderate, and Learning Disorder NOS, Provisional. Tr. 623. In her summary, she made several comments, including that: (1) Plaintiff is "most impaired in his ability to learn and remember unstructured verbal information"; (2) cognitive testing suggested he had cognitive impairments, making it difficult for him to succeed in traditional school and employment training settings; (3) Plaintiff will require accommodations in his environment and modified instruction to be successful; (4) Plaintiff's cognitive impairments suggest he will have significant difficulty learning and performing in a new job without specialized training and accommodations; (5)

Plaintiff will need services from Vocational Rehabilitation as well as a job coach for one-on-one training and will likely require additional time and training to learn job tasks; and (6) Plaintiff may require more time to complete tasks. Tr. 623-25.

In her MRFC, Dr. Dean found Plaintiff moderately limited in several areas, including in the abilities to understand, remember, and carry out very short and simple instructions. Tr. 627-28. She found him markedly limited in the abilities to understand, remember, and carry out detailed instructions. Id. Dr. Dean further found Plaintiff not significantly limited in several areas such as the ability to sustain an ordinary routine without special supervision and the ability to make simple work-related decisions. Id.

In his decision, the ALJ found that Learning Disorder NOS as assessed by Dr. Dean was one of Plaintiff's severe impairments. Tr. 14. Citing Dr. Dean's findings that Plaintiff had slow processing speed on testing and had difficulty learning verbal and nonverbal information, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence, or pace. Tr. 16.

Later in his decision, and in support of his RFC, the ALJ discussed Dr. Dean's report in some detail. Tr. 19-20. The ALJ gave Dr. Dean's opinion "some weight." Tr. 20. He found that her assessment that Plaintiff would have moderate limitations in his ability to understand and remember short and simple instructions was generally consistent with the medical evidence of record. Id. However, he gave only limited weight to Dr. Dean's opinion that Plaintiff would have difficulty learning and performing in a new job position without specialized training and accommodations and would likely require additional time and training to learn job tasks as well as require more time to complete tasks. Id. The ALJ noted that Plaintiff reported performing unskilled jobs in the past such as painting and janitorial work and indicated that he was unable to

continue performing those jobs due to physical limitations, not because of any difficulty learning or remembering the job tasks. Id. The ALJ explained that Plaintiff's "ability to perform unskilled work in the past without any noted difficulty suggests that he has the mental capacity to perform this type of work without any specialized training or accommodation as Dr. Dean indicates." Id.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. § 416.927(c)(1)-(2).

> To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues that the ALJ's RFC is insufficient because it is not restrictive enough. Plaintiff contends that the record shows that he has significant difficulty learning new tasks, is easily overwhelmed, his pace is slow on simple learned tasks, he needs more time to complete tasks, and he needs frequent repetition and encouragement. In support, Plaintiff cites to Dr. Dean's 2012 report where, Plaintiff notes, Dr. Dean opined that Plaintiff had a moderate limitation in his ability to understand, remember, and carry out very short and simple instructions, a moderate limitation in his ability to maintain attention and concentration for extended periods, and a moderate limitation in his ability to perform at a consistent pace without

an unreasonable number and length of rest periods.

Plaintiff notes that the ALJ recognized Plaintiff's moderate limitations in his ability to remember short and simple instructions and allowed that Dr. Dean's opinion in this regard was generally consistent with the medical evidence of record. Plaintiff argues that the ALJ's RFC which found Plaintiff "fully capable of learning, remembering and performing simple, routine, and repetitive work tasks involving simple work instructions" failed to address Plaintiff's moderate limitations in his ability to perform such tasks. Because the ALJ endorsed the moderate limitation as supported by the record, Plaintiff argues that his failure to account for it in the RFC was error.

In response, Defendant argues that the ALJ's RFC was consistent with Dr. Dean's opinion because Dr. Dean did not entirely preclude Plaintiff from following simple instructions on a regular and continuous basis. Defendant contends that because Dr. Dean's opinion suggests that Plaintiff had some limitation in the performance of these skills, but not a complete inability to perform in these areas, that opinion is consistent with the ALJ's finding. Defendant suggests that the ALJ "rationally translated Dr. Dean's opinion into a finding about what Plaintiff could still do despite his limitations." Def.'s Mem. at 8.

In support, Defendant cites to two Ninth Circuit cases. In the first case, the issue was whether the ALJ erred by relying on the medical-vocational guidelines ("the grids") at step five of the sequential analysis instead of calling a vocational expert when the record showed that the plaintiff suffered from moderate depression. Hoopai v. Astrue, 499 F.3d 1071 (9th Cir. 2007). The plaintiff argued that the ALJ should have called a vocational expert because his depression was a significant and "sufficiently severe" non-exertional limitation not accounted for in the

relevant grid.

The court noted that the record showed that while one examining psychologist concluded that it was unlikely that the plaintiff would be able to function in a normal work environment, the other examining psychologist determined that the plaintiff had exaggerated his symptoms. Id. at 1076-77. A non-examining psychologist found only mild and moderate restrictions in various areas. Id. at 1077. Examining the record, the court concluded that the ALJ did not err in applying the grids because the court had not previously categorically held "mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation" and in the case before it, substantial evidence supported the ALJ's conclusion that the depression was not a sufficiently severe non-exertional limitation requiring the use of a vocational expert. Id.

Hoopai is not on point because here, the issue is not whether the ALJ should have relied on a vocational expert. Instead, the issue is whether the ALJ, having expressly adopted Dr. Dean's conclusion that Plaintiff has moderate limitations in his ability to understand and remember short and simple instructions, erred by finding in the RFC that Plaintiff is "fully capable of learning, remembering and performing simple, routine and repetitive work tasks involving simple work instructions[.]" Tr. 17. The Ninth Circuit's holding in Hoopai that moderate depression is not necessarily a significant non-exertional impairment requiring the use of a vocational expert in all cases is not relevant. In this case, the ALJ did not determine that Plaintiff's non-exertional impairment was not limiting; in fact, he endorsed the moderate limitation and relied on a vocational expert.

In the second case cited by Defendant, the plaintiff argued that the ALJ's RFC, which

10 - OPINION & ORDER

limited her to performing "simple, routine, repetitive sedentary work" with no public interaction, failed to capture a deficiency in pace and in other mental limitations identified by examining and non-examining psychologists. Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008). The Ninth Circuit noted that even though the examining psychologist had opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods, that practitioner had not assessed whether the plaintiff could perform unskilled work on a sustained basis. Id. at 1173. Importantly, the court indicated, the reviewing psychologist did make such an assessment, finding that despite a slow pace in thinking and actions and other moderate mental limitations, the plaintiff was able to "carry out simple tasks[.]" Id. Moreover, the examining psychologist had in fact found the plaintiff "not significantly limited" in her ability to "carry out very short simple instructions," "maintain attention and concentration for extended periods," and "sustain an ordinary routine without special supervision. Id. at 1174. The court concluded that the ALJ's RFC adequately captured the restrictions related to concentration, persistence, or pace because it was consistent with restrictions identified in the medical testimony. Id.

      Here, Dr. Dean did not opine that Plaintiff could carry out simple tasks. Dr. Dean did not opine that Plaintiff had no significant limitation in his ability to understand and remember short and simple instructions. Thus, while the limitation in Stubbs-Danielson to "simple, routine, repetitive work" was supported by the medical evidence, Dr. Dean's opinion, which the ALJ expressly found to be consistent with the medical evidence in the record, does not offer the same support to the RFC.

      I agree with Plaintiff that the ALJ erred by finding, on the one hand, that Plaintiff had

11 - OPINION & ORDER

moderate limitations in his ability to understand and remember short and simple instructions, and then, on the other hand, determining in the RFC that Plaintiff is "fully capable" of learning and remembering such instructions. A "moderate limitation" is entirely inconsistent with the "fully capable" ability stated in the RFC. And, in contrast to <u>Stubbs-Danielson</u>, the narrative portion of Dr. Dean's report contains many findings supportive of the moderate limitation. <u>E.g.</u>, Tr. 615-26 (including findings showing "working memory" abilities in the low end of low average; slow rate of taking in and responding to information; required frequent repetition of information; slow to learn visual and structured information; collectively, testing established cognitive impairments).

      Plaintiff also challenges the ALJ's giving only "limited weight" to Dr. Dean's opinion that Plaintiff would have difficulty learning and performing in a new job position without specialized training and accommodations, would likely require additional time and training in order to learn his job tasks, and may also require more time to complete tasks. Plaintiff argues that the ALJ failed to provide specific, legitimate reasons to support the weight he assigned to the portion of her opinion regarding Plaintiff's difficulty learning and his slow pace. Plaintiff notes that Dr. Dean's evaluations were thorough and her opinions were based on testing as well as her own independent observations. Plaintiff argues that Plaintiff's performance of unskilled jobs in the past is not a specific and legitimate reason to reject the opinion regarding Plaintiff's difficulty with learning and slow pace because (1) Dr. Dean knew about Plaintiff's work history when she formed her opinion; (2) nothing about Plaintiff's past work detracts from her findings and opinions; and (3) the extent to which Plaintiff actually performed these jobs is questionable given the minimal earnings he obtained from them.

      Plaintiff further argues that the fact that Plaintiff reported that most of his past jobs had

ended due to his physical problems is not a specific and legitimate reason to reject Dr. Dean's opinion because again, Dr. Dean was aware of Plaintiff's work history and the reasons for the cessation of his jobs when she formed her opinion and further, an individual's lack of awareness of his own cognitive limits does not pertain to Dr. Dean's findings.

In response, Defendant argues that the record supports the ALJ because it shows that Plaintiff had the ability to learn and perform the mental demands of unskilled work which is inconsistent with Dr. Dean's opinion that he would be unable to do so without accommodation. Additionally, Defendant adds that the fact that Plaintiff stopped working because of physical reasons and not an inability to handle the mental demands, further supports the ALJ's rationale.

The law is clear that it is the ALJ's duty to resolve conflicts and ambiguities in the evidence. E.g., Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). A conflict between Plaintiff's work history and the opinion of an examining practitioner is precisely the type of issue the ALJ is charged with resolving. I agree with Defendant that the ALJ's finding that Plaintiff previously performed unskilled labor without extra accommodation is a specific and legitimate reason to reject the portion of Dr. Dean's opinion indicating that Plaintiff had limitations in learning and pace.

II. Dr. Dean's April 2013 Evaluation

After the ALJ's February 2013 decision, and about eight months after her August 2012 evaluation, Dr. Dean performed another evaluation of Plaintiff in April 2013. Tr. 650-58. She also completed another MRFC. Tr. 659-60. In contrast to her previous examination which she referred to as a cognitive and psychological evaluation, this examination was a learning disability evaluation. Tr. 650. Dr. Dean interviewed Plaintiff and performed tests. Tr. 650-58. She

diagnosed him as having Learning Disorder, NOS, and continued her diagnosis of Major Depression, Recurrent, Moderate from the 2012 evaluation. Tr. 655. Based on her testing, Dr. Dean stated that Plaintiff had significant impairment in his ability to learn and perform academic tasks. Tr. 656. His impairments in "all three academic areas" significantly interfere with his functioning. Id. Dr. Dean continued to opine that Plaintiff will struggle with following task instructions and will require frequent repetition in order to complete tasks. Id. He will perform tasks at a slow rate. Id. He will also have problems learning and performing job tasks and will require specialized instruction and ongoing accommodations on-the-job. Id.

Most of the limitations in Dr. Dean's April 2013 MRFC were the same as those in her August 2012 MRFC. However, in contrast to her August 2012 MRFC, where she indicated that Plaintiff was not substantially limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and further that Plaintiff was not substantially limited in the ability to accept instructions and respond appropriately to criticism from supervisors, Tr. 627-28, in the April 2013 MRFC, she assessed Plaintiff as having moderate limitations in these abilities. Tr. 660.

Although Dr. Dean's April 2013 report and MRFC were not considered by the ALJ, they were submitted to the Appeals Council which considered the materials and made them part of the record. Tr. 1, 4. When a "claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." Brewes v. Comm'r, 682 F.3d 1157, 1159-60 (9th Cir. 2011). As other Judges in this District have expressed, under Brewes,

14 - OPINION & ORDER

where "'the Appeals Council has considered additional evidence after an ALJ has issued a decision, the question for a reviewing court is whether the ALJ's finding that a claimant is not disabled is supported by substantial evidence in light of the entire record, including the new evidence.'" Gardner v. Colvin, No. 06:12-cv-00755-JE, 2014 WL 897134, at *2 (D. Or. Mar. 3, 2014) (Order by Judge Mosman, quoting the Findings & Recommendation issued by Judge Jelderks).

In this case, I need not make the determination about whether the April 2013 report and MRFC performed by Dr. Dean affects the ALJ's finding because I have already determined that the ALJ's RFC is inconsistent with the moderate limitation in understanding and remembering very short and simple instructions. As explained below, because I conclude that a remand for additional proceedings is warranted, the ALJ will, upon remand, be able to review Dr. Dean's April 2013 report and MRFC and consider it as part of the disability analysis at that time.

III. Remand for Additional Proceedings

In social security cases, remands may be for additional proceedings or for an award of benefits. E.g., Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded[,]" but "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. Id. at 1020; see also Treicher v. Comm'r, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence,

15 - OPINION & ORDER

whether claimant testimony or medical opinion.  Garrison, 759 F.3d at 1020.  Second, the record must be fully developed and further administrative proceedings would serve no useful purpose.  Id.  Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled.  Id.  To remand for an award of benefits, each part must be satisfied.  Id.; see also Treicher, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

  Here, the ALJ's error is not exactly an improper rejection of Dr. Dean's opinion because the ALJ expressly found the moderate limitation in the ability to understand and remember very short and simple instructions to be consistent with the medical evidence.  The error occurred because notwithstanding that finding, the ALJ's RFC determined that she was fully capable of learning, remembering, and performing the very tasks and instructions for which Plaintiff is moderately limited.  However, construing the RFC as an implicit rejection of Dr. Dean's limitation, the first step of the remand inquiry is satisfied.

  As to the second step, in questioning the vocational expert (VE), Plaintiff's counsel asked if the identified jobs were performed on a standard work schedule of two hours, then a fifteen-minute break, then two hours, then lunch.  Tr. 86.  The VE responded yes, generally.  Id.  The VE agreed that it would be necessary to maintain that schedule to keep the job.  Id.  Next, Plaintiff's counsel asked "if the person needed additional time and training to learn those simple, routine tasks and needed positive feedback and encouragement to attempt those tasks, is that the kind of thing you would find in competitive employment, or is that more akin to, like, a sheltered workshop situation?"  Tr. 86-87.  The VE responded that it would depend on the "duration and

repetition and how long that went on." Tr. 87. This testimony does not support a finding of disability because first, the VE's response was equivocal, and second, the hypothetical was not restricted to the limitation in the ability to understand and remember very short and simple instructions but included limitations of additional time and training and positive feedback. The VE suggested that "the more the ongoing training and positive feedback, and perhaps extra attention of supervision that an individual would require," the more the person would be "heading away from the competitive labor market" and "towards sheltered or supported employment." Id. Again, the VE testimony does not establish disability.

Plaintiff's counsel then asked a question directed at the limitation in pacing when she inquired whether a person would be unable to sustain competitive employment if the amount of time the person took to complete a task was longer than expected so that the person's production was reduced by twenty percent. Id. The VE answered in the affirmative, but indicated that there was no "magic number of percentage for every job." Id. As Defendant notes, while a moderate restriction assessed by Dr. Dean is defined as one that would "seriously interfere" with the person's ability to perform the activity on a regular and sustained basis, Tr. 627, Dr. Dean did not opine that Plaintiff's production would be reduced by twenty percent. Thus, I agree with Defendant that the VE's testimony that a twenty-percent decrease in productivity would preclude competitive employment does not appear to apply to Plaintiff.

In questioning the VE, Plaintiff's counsel defined the term "moderate" as "serious interference" and then asked how much an individual with a moderate limitation in the ability to understand and remember very short and simple instructions would be limited in the performance of unskilled work. Tr. 88. The VE responded that he needed more information to answer that

question. Id. ("Could you maybe explain to me in more operational terms of how that might manifest on a job?"). The VE offered that "it depends upon the duration and the repetition and those sorts of things." Id. He said generally, "the more difficulty the person was having in understanding instructions, the more difficulty they were having in performing tasks, the more mistakes they were making and the longer it took," it is "very difficult to maintain competitive work[.]" Tr. 88-89.

The VE's testimony was again equivocal and does not support a conclusion that the moderate limitation in the ability to understand and remember short and simple instructions precludes all competitive employment. Because the record does not clearly establish that this limitation is inconsistent with competitive employment, the issue remains unclear. Thus, before disability is established, Dr. Dean's limitation in this regard must be properly incorporated into an RFC and VE testimony on the issue should be obtained. As a result, the record is not fully developed and further administrative proceedings are warranted.

CONCLUSION

The Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

Dated this 26 day of March, 2015

Marco A. Hernandez
United States District Judge

18 - OPINION & ORDER